UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CASE NO. 4:12cv-23 M

JAMES GWILLIAM PLAINTIFF

v.

**COMPLAINT**

BOARD OF EDUCATION OF GRAYSON COUNTY, KENTUCKY, a body corporate and politic; BARRY ANDERSON, in his official capacity as Superintendent of Grayson County Schools; and MARCIA DOWNS, in her official capacity as Principal of Lawler Elementary School, and in her individual capacity DEFENDANTS

The Plaintiff, James Gwilliam, for his Complaint and causes of action herein against the Defendants, states:

**JURISDICTION**

1. Any and all actions or inactions giving rise to this cause of action did occur, or continue to occur, in Grayson County, Kentucky, within the United States District Court for the Western District Kentucky, Owensboro Division. Joint Local Rules of Civil Practice, LR 3.1.

2. This action arises under and is brought pursuant to 38 U.S.C. § 4301 *et seq.*, the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

3. This action also arises pursuant to 42 U.S.C. § 1983 and the first and fourteenth amendments to the United States constitution. The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded on 28 U.S.C. § 1331 and § 1343(a)(3).

4. Plaintiff additionally asserts supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, as those state law claims are part of the same case or controversy as those set forth in the federal cause of action.

5. Jurisdiction of this Court is based upon federal question and involves the interpretation and application of USERRA, 42 U.S.C. § 1983, and the first and fourteenth amendments to the United States Constitution; and upon supplemental state law claims.

**PARTIES**

6. The Plaintiff, James Gwilliam, is a resident of Larue County, Kentucky, and is a member of the Kentucky National Guard. Plaintiff was employed by Defendants as a teacher on a "limited contract" of employment, as

those terms are used and defined in KRS 161.720(1) and (3), at all times pertinent to the averments and claims set forth herein.

7. The Defendant, Board of Education of Grayson County ("Board"), is a body politic and corporate, with the capacity to sue and be sued, pursuant to KRS 160.160.

8. The Defendant, Superintendent Barry Anderson ("Anderson"), is the Superintendent of the Grayson County Schools, and as such, is the executive agent for the Board. In his capacity as Superintendent, Anderson has the authority to exercise general supervisory power of the public schools of the Grayson County Schools, and Anderson is responsible for personnel decisions pursuant to KRS 160.370 and KRS 160.390, including the non-renewal of limited contract teachers pursuant to KRS 161.750.

9. The Defendant Marcia Downs ("Downs") is and was at all times pertinent hereto the Principal of Lawler Elementary School, within the Grayson County Schools. In her capacity as Principal, Downs was the immediate supervisor of certified employees of the school and as such was responsible for performance evaluations of staff, including Plaintiff, pursuant to KRS 156.557 and 704 KAR 3:345. By school district policy or custom or both, as established by Superintendent Anderson, Principal Downs made the final decision regarding non-renewal of non-tenured teachers at Lawler Elementary School by her

recommendation to the Superintendent. As school principal of a school that had implemented school-based decision making via a school council for pursuant to KRS 160.345(2) (a "site base" school), Defendant Downs had the authority for making personnel decisions to determine whom to rehire pursuant to KRS 160.345(2)(h)1., 3., a .

10. The Defendant Marcia Downs is named in her individual capacity for her actions taken outside the authority of her official position, including but not limited to recommending the non-renewal of Plaintiff and refusal to rehire him for reasons that violated Plaintiff's constitutionally protected rights to free speech and association and to petition for redress of grievances, and for her other tortious conduct under state law towards him.

## FACTS

11. Plaintiff, who is certified to teach at the elementary level, was employed to teach fifth grade at Lawler Elementary, a school within the Grayson County Schools, on or about June 4, 2008.

12. Plaintiff has been, since March 14, 2009, a member of a "Uniformed Service" as that term is used and defined in USERRA, 38 U.S.C. § 4303. Plaintiff has likewise been a Member of the Kentucky National Guard as that term is used in KRS 38.460.

13. During each school year of his employment, Plaintiff's job performance was evaluated by Defendant Principal Downs.

14. These performance evaluations, in accordance with KRS 156.557 and 704 KAR 3:345 and school board policy, consisted of "Formative Evaluation" which involves a continuous cycle of collecting evaluation information, and a final "Summative Evaluation" that occurs at the end of an evaluation cycle and includes a conference between the evaluator and the evaluated certified employee and a written evaluation report.

15. In the spring of 2009, Plaintiff's job performance was evaluated by Principal Downs and was deemed satisfactory, and Plaintiff was recommended for re-employment the next year.

16. In the spring of 2009, and as a member of the Kentucky National Guard, Plaintiff was called to active duty, and was on approved military leave from his employment pursuant to Board Policy 03.1238, from May 18, 2009 through the end of that school year, June 11, 2009.

17. In the spring of 2010, Plaintiff's job performance was evaluated by Principal Downs and was deemed satisfactory, and he was recommended for re-employment the next year.

18. Plaintiff was called again to active duty in the spring of 2010 and was approved for military leave pursuant to Board Policy 03.1238 from Grayson

County Schools from February 2, 2010 through April 30, 2010, though he returned to work before the end of that month.

19. On March 14, 2011, Plaintiff received a positive end-of-year performance evaluation, referred to as a Summative Evaluation, from Principal Downs, based upon previous observations. Within this Summative Evaluation, it was noted that Plaintiff "meets" all ten of the Teacher Standards. Plaintiff was further recommended for re-employment for the next school year.

20. Plaintiff participated in the Summative Evaluation process on March 14, 2011 by meeting with Principal Downs and discussing this document.

21. Both Plaintiff and Principal Downs signed this Summative Evaluation document and dated it March 14, 2011.

22. Plaintiff was contemporaneously provided with a "carbon copy" of this Summative Evaluation, which was created simultaneously to the original, upon reviewing the Summative Evaluation with Principal Downs on March 14, 2011. A true copy of the Summative Evaluation dated March 14, 2011, with 2/22/11 Data Collection Conferencing Form previously provided to Plaintiff is attached hereto as Exhibit A.

23. In April 2011, and after receiving the positive Summative Evaluation, Plaintiff informed Principal Downs that he would likely be deployed to military service in 2012. Principal Downs responded to this information with

alarm about Plaintiff being deployed "again," and accused Plaintiff of previously understating his military involvement to her. Defendant Downs refused to answer Plaintiff's questions about how his deployment would affect his seniority and tenure.

24. In April 2011, Plaintiff approached Defendant Downs about being assigned for the next school year to the position of computer lab teacher. As a member of the school's "site-based council," he notified her that Kentucky law requires a certified teacher in the position, and that he had specific credentials in implementing technology into the schools.

25. On or about May 9, 2011, Plaintiff arrived in his classroom to find his desk in disarray and the American flag he displayed in his classroom lying on the floor, apparently removed in anger by building assessment coordinator Becky Beeler, or by Ms. Beeler with Defendant Downs present.

26. The purported rationale for removing Plaintiff's American flag was preparation for the upcoming statewide testing. However, other teachers' American flags at Lawler Elementary remained on display in their classrooms, as permitted in prior years, though Plaintiff had been directed to take down the flag in his classroom the previous year.

27. On May 11, 2011, Plaintiff received a notice of non-renewal dated April 29, 2011 from Defendant Superintendent Anderson. A true copy of the notice of non-renewal is attached hereto as Exhibit B.

28. Near in time to receiving his letter of non-renewal, Plaintiff requested of Defendant Downs a letter of recommendation, which she promptly provided. A true copy of this letter is attached hereto as Exhibit C.

29. On May 13, 2011 Plaintiff submitted a formal complaint about the treatment of his classroom, particularly of his flag, to Defendant Downs. His complaint remained unresolved at the end of the school year.

30. On May 19, 2011, Plaintiff made Principal Downs aware by email that he would be meeting with his Kentucky Education Association, ("KEA"), representative to discuss grievances Plaintiff planned to file. Principal Downs responded to this email by emailing Plaintiff to meet her during the same planning period.

31. On May 20, 2011, Plaintiff received a notice dated May 17, 2011 from Defendant Anderson giving him "reasonable assurance" of employment in the coming school year. However, Plaintiff was not re-employed for the coming school year, as indicated in that notice. A true copy of this notice is attached hereto as Exhibit D.

32. On May 20, 2011, Plaintiff met with his KEA representative, Mike Kral, in his classroom during his planning period about the grievances he intended to file. As Mr. Kral was leaving, Defendant Downs met them in the hallway for her meeting with Plaintiff.

33. During the May 20 meeting in Downs' office, she discussed Plaintiff's non-renewal, accused plaintiff of stirring up gossip about the site-base council elections, claimed she had not identified deficiencies in Plaintiff's performance on his 2010 performance evaluation because he was gone on military leave, and warned Plaintiff not to raise his concerns with Superintendent Anderson and others.

34. On May 23, 2011, Defendant Downs came to Plaintiff's classroom, pounded on his desk, shook some papers at him and angrily informed him that he "had made his bed now," and "we might have been able to work out something but not anymore," and blocked Plaintiff's exit path repeatedly as he tried to remove himself from the situation. When Plaintiff was able to pass by Principal Downs, she followed him down the hallway, where she grabbed Plaintiff by the arm so she could continue berating Plaintiff.

35. Plaintiff filed eleven grievances with Defendant Anderson pursuant to school board policy on or about May 24, 2011. By these grievances, Defendant Anderson was on notice of Defendant Downs' discriminatory animus

against Plaintiff due to his military service, and as otherwise set forth in his grievances.

36. In his first grievance, Plaintiff alleged that his non-renewal was based upon Defendant Downs' animosity towards Plaintiff's military service; he also grieved his flag being thrown on the floor of his classroom and an attempted cover-up of the anti-military motive for doing so. Other grievances were made on matters of public concern, including the decision to continue to place a classified employee over the school computer lab in violation of state law and Defendant Downs' interference in the election of teacher members of the school site base council in connection with Plaintiff had contacted the Kentucky Department of Education. He also grieved Defendant Down's angry confrontation with Plaintiff of May 23, 2011, as well as other matters.

37. Defendant Anderson denied each of Plaintiff's grievances on June 3, 2011.

38. By letter dated July 11, 2011, Plaintiff requested the specific, detailed and complete statement of grounds upon which the non-renewal of his contract was based, as contemplated by KRS 161.750(2).

39. Defendant Anderson responded to Plaintiff's request for specific reasons for non-renewal by letter dated July 19, 2011. In this letter, Defendant Anderson stated: "I based your non-renewal upon your Teacher Summative

Evaluation conducted by your Principal. This Evaluation sets forth in detail certain areas where you failed to meet the required standards. I enclose a copy for your reference. As you can see, your Principal did not recommend that you be re-employed." A true copy of the letter from Defendant Anderson and false evaluation enclosed therewith is attached hereto as Exhibit E.

40. The purported Summative Evaluation enclosed with Defendant Anderson's letter, which according the Superintendent Anderson's letter was relied upon by him in his decision to non-renew Plaintiff, is a document never seen by Plaintiff prior to his receipt of Defendant Andersons' letter of July 19, 2011, and it was not the Summative Evaluation document signed by Plaintiff and Principal Downs on March 14, 2011.

41. The purported Summative Evaluation enclosed with Defendant Anderson's letter is clearly not the true Summative Evaluation performed by Principal Downs on March 14, 2011.

42. The facts and circumstances surrounding the actual and the purported Summative Evaluation lead Plaintiff to believe that Principal Downs falsified the second Summative Evaluation, and provided that falsified document to the Superintendent, in an effort to justify to Superintendent Anderson her decision to non-renew and to not rehire Plaintiff.

43. The falsified Summative Evaluation was also placed in Plaintiff's personnel file with the district.

44. Throughout his employment in the Defendant school system Plaintiff performed multiple extra duty and volunteer activities for the elementary school. These activities included coaching the Chess Club, Academic Team, Girls Volleyball, Boys/Girls Basketball, Girls/Boys Junior Varsity and Varsity Tennis, providing free morning tutoring for students, and overseeing the Junior Engineers Club. Plaintiff was also elected for the 2010-2011 school year by his teaching colleagues to the Lawler Elementary School Based Decision Making Council.

45. Despite the notice of reasonable assurance of re-employment that he received from Defendant Anderson, Plaintiff was never recalled to a position with Grayson County Schools for the 2011-2012 school year, though he was initially denied unemployment benefits due to the notice.

46. As a result of the Defendants' non-renewal and failure to rehire him for a teaching position for the 2011-2012 school year, and Defendant Downs' willful, malicious and illegal acts toward Plaintiff, which include but are not limited to the actions set forth above, the Plaintiff has suffered and will continue to suffer lost wages and benefits, injury to his professional reputation and prospects for advancement in the field; emotional distress and mental anguish.

## CAUSE OF ACTION

## CAUSE OF ACTION I: USERRA and KRS 38.460

47. Plaintiff incorporates all of the assertions of fact set forth in the preceding paragraphs of this Complaint as if set out here in full.

48. Defendant Board of Education of Grayson County, is and was at all times relevant hereto, an "employer" as that term is used and defined in 38 U.S.C. § 4303.

49. Defendant Board, acting through its agents, servants and employees non-renewed Plaintiff's employment and refused to rehire him on the basis of, and because of, his membership in and commitment to a Uniformed Service and more particularly the Kentucky National Guard.

50. Further, Defendant Board, acting through its agents, servants and employees deprived Plaintiff of his right to a benefit of employment in the form of direction and advice from his principal through formal performance evaluation in the 2009-2010 school year when she failed, because of his military service, to identify purported problems in his performance, which had they existed and been so identified, Plaintiff could have addressed during the following school year (2010-2011).

51. Plaintiff's military commitment, status and membership were substantial motivating factors in Defendants non-renewal of Plaintiff's contract of employment and refusal to rehire him.

52. Defendants discriminated against Plaintiff because of his military membership and commitments in violation of USERRA, 38 USC § 4301 *et seq*. and KRS 38.460.

53. As a direct and proximate result of Defendants' conduct and violation of USERRA and KRS 38.460, Plaintiff has suffered and continues to suffer injury and damages.

54. Defendants' failure to comply with the provisions of USERRA and KRS 38.460 were willful, and the Board, acting through its agents, servants and employees, knew that its conduct was prohibited by USERRA and Kentucky law or otherwise showed reckless disregard as to whether its conduct was prohibited by USERRA and KRS 38.460.

55. As a direct and proximate result of Defendants' violation and willful violation of USERRA and KRS 38.460 Plaintiff has suffered and will continue to suffer loss of employment, lost wages, loss of increased pay, loss of benefits, loss of future income, loss of or reduction in retirement benefits, and other general damages.

56. As a direct and proximate result of Defendants' willful violation of USERRA and KRS 38.460, Plaintiff is entitled to liquidated and punitive damages.

57. As a direct and proximate result of Defendants' violation of USERRA and KRS 38.460, Plaintiff is entitled to compensatory damages, liquidated and punitive damages, attorneys' fees, costs, pre-judgment and post-judgment interest, all enumerated damages available under USERRA pursuant to 38 U.S.C. §4323 and Kentucky law.

58. As a direct and proximate result of Defendants' violation of USERRA and KRS 38.460, Plaintiff is entitled to injunctive relief, including but not limited to reinstatement and lost service credit.

**CAUSE OF ACTION II: First Amendment Claims**

59. Plaintiff incorporates all of the assertions of fact set forth above in paragraphs 6 through 46 of this Complaint as though set out here in full.

60. The actions of Defendants, as described above, were taken by them while acting under color of state law to deprive, punish and penalize Plaintiff for the lawful exercise of his rights, privileges, and immunities protected under the First Amendment to the Constitution of the United States and in violation of Title 42 U.S.C. §1983, which rights were well established at the time such actions were taken and were rights of which these Defendants should have been aware.

61. The actions of Defendants, described above, were taken by them while acting under color of state law for reasons unrelated to the sound and efficient management of the schools, and the particular actions of Defendant Downs of were willful and malicious or taken with reckless disregard of Plaintiff's rights, to deprive Plaintiff of his rights and to retaliate against him by not rehiring him for exercise of his right to association with the Kentucky Education Association, and rights to free speech and expression and to petition for redress of grievances on matters of public concern, as protected by the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983, which rights were well established at the time such actions were taken and were rights of which these Defendants should have been aware.

62. As a direct and proximate result of Defendants' violation of Plaintiff's First and Fourteenth Amendment rights, Plaintiff is entitled to compensatory damages for his lost wages and benefits and for mental anguish and emotional distress, punitive damages, attorneys' fees, costs, all enumerated damages available pursuant to 42 U.S.C. §1988.

**CAUSE OF ACTION III: Forgery**

63. Plaintiff incorporates all of the assertions of fact set forth in paragraphs 6 through 46 of this Complaint as though set out here in full.

64. Defendant Principal Downs falsely made, completed or altered a written instrument, specifically Plaintiff's Summative Evaluation for the 2010-2011 school year, with the intent to defraud, deceive or injure Plaintiff, in violation of KRS 516.040, and upon which the Defendant Anderson relied as a reason for non-renewal and failure to rehire.

65. As a person within the class of persons to be protected under KRS 516.040, Plaintiff is entitled to recover damages flowing from violation of this Kentucky statute pursuant to KRS 446.070 and KRS 411.184, including compensatory damages. Because Defendant Downs acted against Plaintiff with oppression, fraud or malice, or alternatively was grossly negligent, Plaintiff is entitled to punitive damages pursuant to KRS 411.184.

66. Plaintiff is also entitled to the removal from his personnel records maintained by the Defendant Board of the false and untrue Summative Evaluation created by Defendant Downs and relied upon by Defendant Anderson. Plaintiff is further entitled to have placed in his personnel records the true Summative Evaluation of March 14, 2011.

**CAUSE OF ACTION IV: Assault and Battery**

67. Plaintiff incorporates all of the assertions of fact set forth in paragraphs 6 through 46 of this Complaint as though set out here in full.

68. By threatening Plaintiff in his classroom on May 23, 2011, Defendant Principal Downs intended to and did put Plaintiff in apprehension of immediate and harmful contact.

69. By touching and grabbing Plaintiff, Defendant Principal Downs intended to cause and did cause harmful contact with Plaintiff's person and Plaintiff did not consent to Defendant's act.

70. As a direct and proximate result of Defendant Principal Downs conduct, Plaintiff was put in apprehension of immediate and harmful contact and suffered severe anguish and fright, all to Plaintiff's damage.

71. Plaintiff is entitled to punitive damages because Defendant Principal Downs' actions were willful, malicious, and without justification.

## CAUSE OF ACTION V: True Reasons Not Given for Non-renewal

72. Plaintiff incorporates all of the assertions of fact set forth in paragraphs 6 through 46 of this Complaint as though set out here in full.

73. In that the reasons Defendant Anderson provided in response to Plaintiff's request for the specific, detailed and complete statement of grounds which formed the basis for the non-renewal of his contract were not supported in fact and were not complete, accurate or correct, Defendants did not provide Plaintiff the true reasons for his non-renewal, as required by KRS 161.750 and Kentucky law.

74. Because Defendants did not provide Plaintiff the true reasons for his non-renewal, the non-renewal is void and of no effect, and Plaintiff is entitled to retroactive reinstatement to his teaching contract and benefits under Kentucky law.

**<u>CAUSE OF ACTION VI: Notice of Reasonable Assurance Abrogated Legal Effect of Notice of Non-renewal</u>**

75. Plaintiff incorporates all of the assertions of fact set forth in paragraphs 6 through 46 of this Complaint as if set out here in full.

76. The right of the Plaintiff to notice of non-renewal by May 15 pursuant to KRS 161.750 was violated by the Defendants because the notice of non-renewal received by Plaintiff was rendered null and void and ineffective by the subsequently issued notice of reasonable assurance of continued employment.

77. Because Plaintiff's non-renewal was thus of no effect, he is entitled to be reinstated without loss of pay and benefits or service with the Defendant Board.

**<u>CAUSE OF ACTION VII: Whistleblower Reprisal</u>**

78. Plaintiff incorporates all of the assertions of fact set forth in paragraphs 6 through 46 of this Complaint as if set out here in full.

79. Plaintiff Gwilliam was at all times relevant hereto an "Employee" as that term is used and defined in KRS 61.101(1).

80. Defendant Board of Education of Grayson County, is and was at all times relevant hereto, an "Employer" as that term is used and defined in KRS 61.101(2).

81. In his grievances to Defendant Anderson, as further described above in paragraph 36., Plaintiff disclosed to the Superintendent of the Grayson County Schools, an appropriate authority for purposes of KRS 61.102, actual or suspected violations of law by Defendant Downs or the school district or both.

82. In reprisal for Plaintiff's disclosures or to punish him therefor, the Defendant board, acting through its agents, servants and employees, refused to rehire Plaintiff as a teacher for the 2010-2011 school year.

83. Plaintiff's disclosures were a contributing factor in Defendants' refusal to rehire him.

84. As a direct and proximate result of Defendants' reprisals, Plaintiff has suffered and continues to suffer lost wages and benefits.

85. Plaintiff is entitled to recover pursuant to KRS 61.990(4) all or part of his costs of litigation, including attorney fees and witness fees.

WHEREFORE: Plaintiff James Gwilliam prays that this Court enters an order:

1. Reinstating Plaintiff to employment as a teacher within the Grayson County Schools at the beginning of the 2012-2013 school year; and further recognizing that Plaintiff was entitled to return to a teaching position at the outset of the 2011-2012 school year, with full service credit for retirement and tenure purposes for the 2011-2012 school year;

2. Enjoining the Defendants to correct Plaintiff's personnel records to include only the true March 14, 2011 Summative Evaluation;

3. That Plaintiff recover from the Defendants, jointly and severally, a sum justified by the evidence herein, and not less than $250,000.00 or the minimum jurisdictional amount of this Court for:

a. Compensatory damages for lost wages and benefits, future lost wages and benefits, and for emotional distress and mental anguish;

b. Liquidated damages and punitive damages as applicable to the Plaintiff's claims and causes of action;

c. Compensatory damages and punitive damages specifically against the Defendant Marcia Downs for her conduct in her individual capacity;

d. Pre-judgment and post-judgment interest on any sums awarded for violation of 38 § U.S.C. 4303;

e. Attorney fees and costs herein expended pursuant to 38 U.S.C. § 4323(h)(2), 42 U.S.C. §1988, and KRS 61.990(4);

4. Trial by jury;

5. Any and all other relief to which Plaintiff may be entitled.

Respectfully Submitted,

BROOKS, McCOMB & FIELDS, LLP

BY: s/ JoEllen S. McComb

JoELLEN S. McCOMB
CARRIE C. MULLINS
1204 Winchester Road, Suite 100
Lexington, Kentucky 40505
Telephone: (859) 233-3366
Facsimile: (859) 253-0770
jsmccomb@brooksfirm.com
ATTORNEYS FOR PLAINTIFF

**VERIFICATION**

Comes the undersigned and hereby verifies that he has read the foregoing Complaint and the facts contained therein are true and correct to the best of his knowledge and belief.

James Gwilliam
JAMES GWILLIAM

STATE OF KENTUCKY

COUNTY OF Taylor

Subscribed, sworn to and acknowledged before me by JAMES GWILLIAM, this 31 day of January, 2012.

My Commission expires: 9-30-14

[signature]
NOTARY PUBLIC,
STATE AT LARGE, KENTUCKY

428011
Notary No.